[Cite as *State v. Wolfle*, 2011-Ohio-5081.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLANT,             CASE NO. 11-11-01

    v.

WILLIAM WOLFLE,                    O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Paulding County Court
Trial Court No. 10-TRC-1057

**Judgment Reversed and Cause Remanded**

Date of Decision:   October 3, 2011

APPEARANCES:

    *Matthew A. Miller* for Appellant

    *Shane M. Lee* for Appellee

**SHAW, J.**

{¶1} Although originally placed on our accelerated calendar, we elect, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.

{¶2} Appellant, the State of Ohio, appeals the December 31, 2010 judgment of the Paulding County Court sustaining the motion to suppress of Defendant-Appellee, William Wolfle.

{¶3} In the early morning hours of September 26, 2010, Trooper Cook of the State Highway Patrol conducted a traffic stop of Wolfle's vehicle because the window tint on the automobile appeared to be above the legal percent permissible for vehicles registered in Ohio. When Trooper Cook made contact with Wolfle at the driver's side window, he detected an order of alcohol and noticed Wolfle's eyes appeared to be bloodshot. Trooper Cook asked Wolfle to step out of the vehicle and to sit in his patrol cruiser. Wolfle complied with Trooper Cook's request and sat in the front passenger seat of the patrol cruiser next to Trooper Cook, where he admitted to consuming four beers earlier that night.

{¶4} Trooper Cook asked Wolfle to perform a series of field sobriety tests. Based on Wolfle's performance of these tests, Trooper Cook determined him to be under the influence of alcohol and placed him under arrest.

{¶5} Trooper Cook transported Wolfle to the Paulding Police Department, where Wolfle submitted to a breath test. Prior to submitting to the test, Trooper

Cook read Wolfle the contents of the BMV 2255 form and advised him of the legal consequences for refusing to submit to the breathalyzer test. The results of the breathalyzer test indicated Wolfle's blood alcohol concentration to be .096, which is over the legal limit. Wolfle was subsequently charged with OVI, in violation of R.C. 4511.19(A)(1)(d), and was issued a warning that the tint level on the windows of his vehicle exceeded the permissible legal percentage.

{¶6} On September 27, 2010, Wolfle entered a plea of not guilty to the charge. On November 1, 2010, Wolfle filed a motion to suppress arguing that Trooper Cook lacked reasonable suspicion and/or probable cause to stop him; that Trooper Cook lacked reasonable suspicion to further detain him and, therefore, was not justified in requesting him to perform field sobriety tests; that Trooper Cook did not conduct the field sobriety tests according to NHTSA standards; that Trooper Cook lacked probable cause to arrest him; and that the administration of the breath test was not done in accordance with the Ohio Department of Health Regulations.

{¶7} On November 18, 2010, the trial court held a hearing on Wolfle's motion to suppress and heard testimony from Trooper Cook. At the hearing, the trial court sustained Wolfle's objection to the admission of a report purporting to demonstrate that an instrument check was performed on the breathalyzer and that it was properly calibrated prior to his test. Wolfle's objection was based upon the

ground that its admission would violate his Sixth Amendment right of confrontation. These documents were printed reports produced by the BAC DataMaster instrument, which evidenced that Trooper Tracey tested and calibrated the machine within the requisite 192 hours from the last test administered prior to Wolfle's. However, because Trooper Tracey was not in court to testify to the contents of the reports, the trial court concluded that the admission of these reports would violate Wolfle's right of confrontation. The trial court also refused to allow Trooper Cook to provide testimony about the reports because he had no personal knowledge of its contents and did not assist in its preparation.

{¶8} On December 31, 2010, the trial court overruled Wolfle's motion to suppress, in part, finding that Trooper Cook had both reasonable suspicion and probable cause to stop, detain, and arrest Wolfle, and that he administered the field sobriety tests in accordance with NHTSA standards. Nevertheless, the trial court sustained Wolfle's motion to suppress, in part, on the ground that the State failed to prove that a Senior Operator performed the necessary instrument check on the breathalyzer prior to the machine being used in Wolfle's case. In particular, the trial court concluded that "the proper operation of the breath machine remained in question." (JE, Dec. 31, 2010 at 5).

{¶9} The State filed this appeal pursuant to Crim.R. 12(K), asserting the following assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING, IN PART, THE DEFENDANT'S MOTION TO SUPPRESS.**

{¶10} Initially, we note that an appellate court's review of a decision on a motion to suppress evidence involves mixed questions of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71. When reviewing a ruling on a motion to suppress, deference is given to the trial court's findings of fact so long as they are supported by competent, credible evidence. *Id*. at 100 Ohio St.3d at 155-54. With respect to the trial court's conclusions of law, however, our standard of review is de novo and, therefore, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. McNamara* (1997), 124 Ohio App.3d 706, 710, 707 N.E.2d 539.

{¶11} Our inquiry on appeal focuses on whether the trial court properly excluded the results of Wolfle's breath test based upon its conclusion that the State failed to prove that the necessary instrument check was performed on the machine in compliance with OAC 3701-53-04 [1]. Specifically, we must determine whether

---

[1] OAC 3701-53-04 provides, in pertinent part: "(A) A senior operator shall perform an instrument check on approved evidential breath testing instruments listed under paragraphs (A)(1), (A)(2), and (B) of rule 3701-53-02 no less frequently than once every seven days in accordance with the appropriate instrument checklist for the instrument being used. The instrument check may be performed anytime up to one hundred and ninety-two hours after the last instrument check."

the trial court erred when it excluded the pre-test calibration and instrument check reports prepared by Trooper Tracey, based upon Wolfle's Sixth Amendment right to be confronted with the witnesses against him.

{¶12} In *Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct 1354 (2004), the United States Supreme Court held that the Confrontation Clause of the Sixth Amendment bars admission of a declarant's prior "testimonial" statements unless the declarant is unavailable to testify, and unless the defendant has had a prior opportunity for cross-examination. The Court further elaborated upon examples of "testimonial" statements to include prior testimony at a preliminary hearing, before a grand jury, or at a formal trial, as well as statements made during police interrogation. *Id*., 124 S.Ct. 1354. Thus, in this case, the primary issue with regard to the admission of the reports prepared by Trooper Tracey is whether the reports are testimonial or non-testimonial in nature. Notably, even though the trial court excluded the reports prepared by Trooper Tracey based on Wolfle's Sixth Amendment right of confrontation, the trial court did not expressly find the reports to be testimonial for purpose of the Confrontation Clause.

{¶13} On appeal, Wolfle argues that the reports produced by the BAC Data Machine, which are prepared after a Senior Operator performs the routine calibration and instrument check, are akin to a "certificate of analysis" of a specific controlled substance or a DNA report used to identify a murder victim

prepared by crime laboratory during an investigation, both of which have been deemed to be testimonial. See *Meledez-Diaz v. Massachusetts*, --- U.S. ---, 129 S.Ct. 2527 (2009) (holding that certificates of analysis prepared by Massachusetts lab analysts as to seized substances, reporting that the substances contained cocaine and stating the quantity, were within the core class of testimonial statements covered by the Confrontation Clause); see also, *State v. Crager*, 164 Ohio App.3d 816, 844 N.E.2d 390, rev'd by *State v. Crager*, 116 Ohio St.3d 369, 879 N.E.2d 745, 2007-Ohio-6840, cert. granted, judgment vacated by *Crager v. Ohio*, 129 S.Ct. 2856, 174 L.Ed.2d 598, (holding that a DNA analyst's report was testimonial evidence requiring unavailability and prior opportunity for cross-examination under Confrontation Clause).

{¶14} In making this comparison, Wolfle overlooks that the United States Supreme Court has been careful to limit the reach of its recent decision in *Melendes-Diaz v. Massachusetts*. Specifically, the Court stated, "we do not hold and it is not the case, that anyone whose testimony may be relevant in establishing the chain of custody, authenticity of the sample, or *accuracy of the testing device,* must appear in person as part of the prosecution's case. * * * Additionally, documents prepared in the regular course of equipment maintenance may well qualify as non-testimonial records." *Melendez-Diaz*, supra, at fn. 1 (2009).

{¶15} In addition, other Ohio appellate districts have found that documents prepared to demonstrate that routine maintenance, such as calibration and instrument checks, have been performed on breathalyzers are non-testimonial. See, *State v. Collins*, 5th Dist. No. 10-CA-16, 2010-Ohio-5333, ¶ 32 (holding in a scenario identical to the case sub judice that the instrument check and calibration reports from the DataMaster breathalyzer are non-testimonial); see generally, *State v. Shisler*, 1st Dist. Nos. C-050860, C-050861, 2006-Ohio-5265; *State v. Cook,* 6th Dist. No. WD-04-029, 2006-Ohio-6062. We are persuaded by the rationale of these courts explaining that documents of this kind are not prepared with an eye to prosecute a specific defendant, but rather are prepared to demonstrate compliance with administrative rules. Moreover, Wolfle overlooks the fact that the purpose behind performing these instrument checks is to ensure the machine is producing an accurate reading, which could not only incriminate an individual but also exonerate him.

{¶16} Based on the foregoing, we conclude that the trial court erred when it excluded the pre-test instrument check and calibration reports prepared by Trooper Tracey and determined the proper operation of the breath machine remained in question. Therefore, the State of Ohio's assignment of error is sustained.

Case No. 11-11-01

{¶17} Accordingly, the judgment of the Paulding County Court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**ROGERS, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**

-9-