[Cite as *State v. Dial*, 2013-Ohio-3980.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                      CASE NO. 1-13-11

    v.

KIMBERLY DIAL,                             O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Lima Municipal Court
Trial Court No. 12TRC00602

Judgment Affirmed

Date of Decision: September 16, 2013

APPEARANCES:

    *Andrew R. Bucher* for Appellant

    *Nicole M. Smith* for Appellee

**PRESTON, P.J.**

{¶1} Defendant-appellant, Kimberly Dial ("Dial"), appeals the judgment of the Lima Municipal Court finding her guilty of operating a motor vehicle while under the influence of alcohol ("OVI") after the trial court denied her motion to suppress and she entered a plea of no contest. We affirm.

{¶2} On January 26, 2012, Lima Police Officer Amy Glanemann was on patrol and initiated a traffic stop of Dial after Officer Glanemann observed Dial make a wide right turn from East Elm Street onto Bellefontaine Avenue, coming close to a vehicle in the left-turn lane on Bellefontaine Avenue, then drive left of the center line. (June 20-21, 2012 Tr. at 53). When she approached the vehicle and spoke with Dial, Officer Glanemann smelled an odor of alcoholic beverage coming from Dial, who admitted to consuming two beers at the American Legion Post. (*Id.* at 54). Officer Glanemann called for another unit to back her up, and Officer Dustin Brotherwood arrived at the scene. (*Id.* at 6, 54). Officer Brotherwood administered field sobriety tests on Dial and concluded that "she was either at or over the legal amount of alcohol allowed in her system." (*Id.* at 13). Officer Brotherwood arrested Dial and took her to the police station. (*Id.* at 12).

{¶3} At the station, Dial was read and shown BMV Form 2255 and submitted to the breath test offered to her. (*Id.* at 24-25). Lima Police Lieutenant Pat Coon administered the breath test using the Intoxilyzer 8000, serial number

80-004681. (*Id.* at 25, 29). Dial registered a breath-alcohol concentration of .215 grams by weight of alcohol per 210 liters of breath. (Doc. No. 1). She was charged with OVI in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor; operating a vehicle with a prohibited breath-alcohol concentration of .17 grams or more by weight of alcohol per 210 liters of breath in violation of R.C. 4511.19(A)(1)(h), a first-degree misdemeanor; and, failure to drive within marked lanes in violation of Lima City Ordinance 432.08(a). (Doc. No. 1). The two alcohol-related offenses were assigned trial court case number 12TRC00602A, and the marked-lanes violation was assigned trial court case number 12TRC00602B. (*Id.*).

{¶4} Dial entered pleas of not guilty on February 1, 2012. (Doc. No. 5). On March 14, 2012, she filed a motion to suppress and requested an oral hearing on her motion. (Doc. No. 11). In her suppression motion, Dial claimed numerous errors and improprieties requiring the suppression of the evidence obtained, including that her breath test was not conducted in compliance with applicable rules and regulations established by the Ohio Department of Health. (*Id.*).

{¶5} On June 20 and 21, 2012, the trial court held a hearing on Dial's motion to suppress. (June 20-21, 2012 Tr. at 1); (Doc. No. 18). The trial court heard the testimony of the witnesses for the plaintiff-appellee, State of Ohio— Officers Glanemann and Brotherwood and Lieutenant Coon. (June 20-21, 2012

Tr. at 2-62). Counsel for the State introduced State's Exhibit D—a packet of copies of certifications for the Intoxilyzer 8000, serial number 80-004681, and for the solutions used to certify that machine. (*Id.* at 32). Lieutenant Coon identified those certifications as ones kept within the regular course of business at the Lima Police Department. (*Id.*). Among the certifications was an "Inspector's Certification Statement" ("Statement") form of the Ohio Department of Health completed and signed by Robert Norbeck on March 26, 2012. (*Id.* at 32-33, 40-42); (State's Ex. D). The Statement documented a September 7, 2011 certification, in which Norbeck certified the machine using a new bottle of solution containing ethyl alcohol approved by the Director of Health. (*Id.*); (*Id.*). Dial's counsel objected to State's Exhibit D, arguing that the Statement was testimonial, and its admission into evidence absent Dial's ability to cross-examine Norbeck violated Dial's Sixth Amendment right to confront witnesses offered against her. (June 20-21, 2012 Tr. at 33, 37-40). The trial court overruled Dial's counsel's objection and admitted the document into evidence. (*Id.* at 33, 37-40, 51). Dial did not call any witnesses at the hearing. (*Id.* at 62).

{¶6} As the trial court ordered at the hearing, Dial and the State submitted their proposed findings of facts and conclusions of law on July 20, 2012. (Doc. Nos. 19, 20). On July 30, 2012, the parties filed "stipulations for suppression" containing stipulations that they had agreed to before the hearing and that Dial's

counsel recited on the record at the hearing. (Doc. No. 21); (June 20-21, 2012 Tr. at 37-38). The parties stipulated that counsel for the State telephoned the Ohio Department of Health regarding a March 16, 2012 entry of the trial court in another criminal matter, *State v. Collins*, case number 11TRC08726. (Doc. No. 21). In that entry, the trial court suppressed an Intoxilyzer 8000 breath test because the Department's documentation offered by the State lacked the date of first use of the solution used to test the Intoxilyzer 8000 and proof that the solution was refrigerated, per applicable rules and regulations. (*Id.*). Shortly after counsel for the State telephoned the Department, the Department provided the State with the Statement signed by Norbeck and admitted as part of State's Exhibit D at the hearing on Dial's suppression motion. (*Id.*).

{¶7} On January 4, 2013, the trial court issued its journal entry denying Dial's motion to suppress. (Doc. No. 22). The trial court concluded, in part, that Dial's breath test was administered in compliance with applicable rules and regulations, and that the results of that test were therefore admissible into evidence before the trier of fact at trial. (*Id.*).

{¶8} On January 17, 2013, Dial filed a demand for trial by jury, but she later waived a jury trial when she withdrew her pleas of not guilty and entered pleas of no contest on March 6, 2013. (Doc. Nos. 23, 26, 27). That same day, the trial court found Dial guilty of the alcohol-related offenses—violations of R.C.

4511.19(A)(1)(a) and 4511.19(A)(1)(h)—and found that Dial had a prior OVI offense within six years of her arrest on January 26, 2012.[1] (Doc. No. 27). The trial court sentenced Dial to 180 days in jail, with 120 days suspended on condition that she observe all terms of probation to be imposed for a period of four years; ordered that she pay a fine of $1,000, plus court costs; suspended her operator's license for four years; and, ordered her vehicle immobilized and license plates impounded for 90 days. (Doc. Nos. 27, 28).[2]

{¶9} On March 6, 2013, Dial filed her notice of appeal. (Doc. No. 32). She raises one assignment of error for our review.

## Assignment of Error

**The trial court erred when it admitted the "Inspectors Certification Statement" [sic] over objection as the same violated defendant's Sixth Amendment right to confront witnesses against her.**

{¶10} In her assignment of error, Dial argues that the trial court violated her rights under the Confrontation Clause of the Sixth Amendment to the U.S. Constitution. More specifically, Dial argues that the trial court erred and violated her right under the Confrontation Clause to confront witnesses offered against her

---

[1] It appears that the marked-lanes violation, assigned case number 12TRC00602B, was dismissed at the prosecution's request.
[2] The trial court's "Journal Entry of Sentencing O.V.I. Offenders" does not state under which subsection of R.C. 4511.19 it sentenced Dial. (Doc. No. 27). Because the sentence imposed exceeds the mandatory minimum sentence that must be imposed for either subsection, the sentence falls within the allowable range of sentences, this issue is not raised by the parties, and this issue has no impact on the assignments of error argued, this Court will not address this issue.

when it admitted the Statement, which Dial argues was a testimonial statement, in lieu of live testimony.

{¶11} "The Confrontation Clause of the Sixth Amendment states, '[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him.'" *State v. Diggle*, 3d Dist. Auglaize No. 2-11-19, 2012-Ohio-1583, ¶ 21, quoting the Sixth Amendment to the U.S. Constitution. "This Court reviews de novo the question of whether a defendant's constitutional rights under the Confrontation Clause have been violated." *Id.*, citing *State v. Guiterrez*, 3d Dist. Hancock No. 5-10-14, 2011-Ohio-3126, ¶ 43.

{¶12} In *State v. Wolfle*, we were presented with a question similar to the one in this case: whether pre-breath-test calibration and instrument check reports were testimonial or non-testimonial in nature. 3d Dist. Paulding No. 11-11-01, 2011-Ohio-5081, ¶ 12. We examined in *Wolfle* the United States Supreme Court's explanation of the Confrontation Clause and "testimonial" statements:

> In *Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct 1354 (2004), the United States Supreme Court held that the Confrontation Clause of the Sixth Amendment bars admission of a declarant's prior "testimonial" statements unless the declarant is unavailable to testify, and unless the defendant has had a prior opportunity for cross-examination. The Court further elaborated upon examples of

"testimonial" statements to include prior testimony at a preliminary hearing, before a grand jury, or at a formal trial, as well as statements made during police interrogation. *Id.*, 124 S.Ct. 1354.

*Wolfle* at ¶ 12.

**{¶13}** We also excerpted the Supreme Court's explanation in *Melendez-Diaz v. Massachusetts* that equipment-maintenance documents "may well qualify as non-testimonial records":

> Specifically, the Court stated, "we do not hold[,] and it is not the case, that anyone whose testimony may be relevant in establishing the chain of custody, authenticity of the sample, or *accuracy of the testing device*, must appear in person as part of the prosecution's case. * * * Additionally, documents prepared in the regular course of equipment maintenance may well qualify as non-testimonial records."

(Emphasis sic.) *Wolfle* at ¶ 14, quoting *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311, fn. 1, 129 S.Ct. 2527 (2009).

**{¶14}** We noted in *Wolfle* that "other Ohio appellate districts have found that documents prepared to demonstrate that routine maintenance, such as calibration and instrument checks, have been performed on breathalyzers are non-testimonial." *Id.* at ¶ 15, citing *State v. Collins*, 5th Dist. Licking No. 10-CA-16,

2010-Ohio-5333, ¶ 32; *State v. Shisler*, 1st Dist. Hamilton Nos. C-050860 and C-050861, 2006-Ohio-5265; *State v. Cook*, 6th Dist. Wood No. WD-04-029, 2006-Ohio-6062. We were persuaded by the rationale of those districts, who explained "that documents of this kind are not prepared with an eye to prosecute a specific defendant, but rather are prepared to demonstrate compliance with administrative rules." *Id.* "Moreover, * * * the purpose behind performing these instrument checks is to ensure the machine is producing an accurate reading, which could not only incriminate an individual but also exonerate him." *Id.*

{¶15} Following that discussion in *Wolfle*, we held that pre-breath-test calibration and instrument check reports prepared by an Ohio State Patrol trooper and produced by the BAC DataMaster breathalyzer were non-testimonial. *Id.* at ¶ 15-16. Because the reports were non-testimonial, their admission into evidence absent the defendant's ability to cross-examine the trooper did not violate the defendant's rights under the Confrontation Clause. *Id.* at ¶ 11-16. We therefore concluded that the trial court erred when it excluded the calibration and instrument check reports. *Id.* at ¶ 16.

{¶16} Dial acknowledges *Wolfle* but argues that "further authority in the way of [*Bullcoming v. New Mexico*] and other instructive opinions germane to this matter have been subsequently issued." (Appellant's Brief at 3). However,

neither *Bullcoming* nor any other case cited by Dial affects the law and analysis set forth in *Wolfle*.

{¶17} *Bullcoming* involved a New Mexico prosecution for driving while intoxicated, in which principal evidence against the defendant was a "forensic laboratory report certifying that [his] blood-alcohol concentration was well above the threshold." *Bullcoming v. New Mexico*, ___ U.S. ___, 131 S.Ct. 2705, 2709 (2011). "At trial, the prosecution did not call as a witness the analyst who signed the certification * * *." *Id.* Instead, the prosecution "called another analyst who was familiar with the laboratory's testing procedures, but had neither participated in nor observed the test on [the defendant's] blood sample." *Id.* The Court held that this "surrogate testimony" violated the Confrontation Clause. *Id.* at 2710. In its analysis, the Court once again elaborated on the definition of "testimonial":

> To rank as "testimonial," a statement must have a "primary purpose" of "establish[ing] or prov[ing] past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). See also *Bryant*, 562 U.S., at ----, 131 S.Ct., at 1155. Elaborating on the purpose for which a "testimonial report" is created, we observed in *Melendez-Diaz* that business and public records "are generally admissible absent confrontation … because—having been created for the

- 10 -

administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial."

557 U.S., at ----, 129 S.Ct., at 2539-2540.

*Bullcoming*, 131 S.Ct. at 2714, fn. 6. The Court also explained that "[a]n analyst's certification prepared in connection with a criminal investigation or prosecution * * * is 'testimonial,' and therefore within the compass of the Confrontation Clause." *Id.* at 2713-2714.

{¶18} *Bullcoming* is distinguishable from *Wolfle* and this case. Whereas *Bullcoming* involved a report of the defendant's individual blood-test results, *Wolfle* involved "*pre-test* calibration and instrument check reports" that were prepared before the defendant was stopped and arrested for OVI, and that would have been prepared whether or not the defendant was arrested. (Emphasis added.) *Wolfle*, 2011-Ohio-5081, at ¶ 11.

{¶19} The same is true in this case. *Bullcoming* is distinguishable because the Statement documented a test that was performed on the Intoxilyzer 8000 machine, serial number 80-004681, on September 7, 2011—more than four months before Dial's arrest. Lieutenant Coon testified that the Statement was kept within the regular course of business at the Lima Police Department, although he had no knowledge of the Statement prior to the day of the suppression hearing. (June 20-21, 2012 Tr. at 32, 44). In addition, the Program Administrator at the

Ohio Department of Health, Office of Alcohol and Drug Testing, swore in a notarized certification on the reverse side of the Statement that it was "a true and accurate copy, kept in the ordinary course of business" at the Department. (State's Ex. D). *See State v. Cook*, 6th Dist. Wood No. WD-04-029, 2005-Ohio-1550, ¶ 12-23 (holding that records documenting checks of a BAC DataMaster and the qualifications of the breath-testing officer were non-testimonial, and their admission did not violate the defendant's rights under the Confrontation Clause; further holding that the affidavit of the records custodian attesting that the records were kept in the ordinary course of business, while testimonial, was not evidence against the defendant and merely laid a foundation for the records, so its admission did not violate the defendant's rights under the Confrontation Clause). To use language from *Melendez-Diaz* and quoted in *Bullcoming*, "having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial," the Statement is "not testimonial." *Bullcoming*, 131 S.Ct. at 2714, fn. 6.

{¶20} The Statement is the sort of document that is "not prepared with an eye to prosecute a specific defendant, but rather [is] prepared to demonstrate compliance with administrative rules." *Wolfle* at ¶ 15. Indeed, the Statement might be offered by the prosecution in any other case in which a breath test was administered on a defendant using the Intoxilyzer 8000 machine, serial number

80-004681. Moreover, because the Statement documents a test predating Dial's stop and arrest, the parties' stipulation—that the Statement was prepared and executed after the State charged Dial and after the State notified the Ohio Department of Health of the trial court's decision in the *Collins* case—does not affect our conclusion. In short, the Statement documents a pre-stop, pre-arrest test that was administrated on a particular machine, not a particular defendant.

**{¶21}** We therefore hold that the Statement is not testimonial, and its admission into evidence at the suppression hearing absent Dial's ability to examine Norbeck did not violate her right under the Confrontation Clause of the Sixth Amendment to confront witnesses offered against her. The trial court did not err by relying on the Statement in denying Dial's motion to suppress.

**{¶22}** Dial's assignment of error is therefore overruled.

**{¶23}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**