[Cite as *State v. Carter*, 2017-Ohio-7443.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                      CASE NO.  13-17-10

      v.

JAMES D. CARTER, JR.,                  O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Tiffin-Fostoria Municipal Court
Trial Court No. CRB 1700074

Judgment Reversed and Cause Remanded

Date of Decision:  September 5, 2017

APPEARANCES:

    *W. Alex Smith* for Appellant

    *Charles R. Hall, Jr.* for Appellee

**PRESTON, P.J.**

{¶1} Defendant-appellant, James D. Carter Jr. ("Carter"), appeals the March 28, 2017 judgment entry of the Tiffin-Fostoria Municipal Court. For the reasons that follow, we reverse and remand.

{¶2} This case stems from events that took place on December 31, 2016. Carter traveled to the residence of Nina Williams ("Williams") in Fostoria, Ohio. Carter was intoxicated when he arrived at Williams's residence, and he eventually passed out on Williams's bed. He awoke to find Williams gone, and he called Williams several times in an effort to determine her location. During the course of these calls, Carter threatened to burn down Williams's residence. Shortly after the last of Carter's numerous calls to Williams, a fire was reported at Williams's residence. Later that same day, Williams spoke with law enforcement about her dealings with Carter, including his threats to set fire to her residence.

{¶3} On January 17, 2017, Carter was charged with Count One of aggravated menacing in violation of R.C. 2903.21(A), a misdemeanor of the first degree. (Doc. No. 1). On February 7, 2017, Carter appeared for arraignment and pled not guilty to the count in the complaint. (Doc. No. 3).

{¶4} A bench trial took place on March 28, 2017. (Doc. No. 38). That same day, the trial court found Carter guilty of the sole count of the complaint. (Doc. No.

17). The trial court sentenced Carter to 180 days in jail. (*Id.*). The trial court filed its judgment entry of sentence on March 28, 2017. (*Id.*).

{¶5} Carter filed his notice of appeal on April 5, 2017. (Doc. No. 18). He brings three assignments of error for our review.

**Assignment of Error No. I**

**The Trial Court Erred When It Allowed Statements Of The Alleged Victim, Who Was Not Present At Trial, In Violation Of The Confrontation Clause Of The 6th And 14th Amendments To The United States Constitution.**

{¶6} In his first assignment of error, Carter argues that the trial court erred by admitting into evidence statements of Williams despite the fact that Williams was not present at the trial in violation of Carter's rights under the Confrontation Clause of the 6th Amendment. Specifically, Carter argues that the trial court erred when it allowed into evidence the statements of Williams, who was not present at the trial, having failed to appear despite a subpoena. Carter argues that her failure to appear rendered him unable to confront his accuser and to cross-examine her. Carter further argues that the trial court erred by admitting into evidence numerous hearsay statements that fall outside any exceptions to the rule against hearsay.

{¶7} The Sixth Amendment to the United States Constitution provides that all criminal defendants have the right to be confronted with the witnesses against them. *State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, ¶ 172. The admission of testimonial hearsay made by a declarant who does not testify during a trial

violates the Sixth Amendment unless (1) the declarant is unavailable and (2) the defendant had a prior opportunity to cross-examine the declarant. *Id.* at ¶ 173, citing *Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354 (2004). In evaluating whether a statement is testimonial for Sixth Amendment purposes, we must apply the "primary-purpose test," examining the reasons for and purpose of the record at issue and objectively evaluating the statements and actions of the parties to the encounter. *State v. Maxwell*, 139 Ohio St.3d 12, 22, 2014-Ohio-1019, ¶ 49, citing *Michigan v. Bryant*, 562 U.S. 344, 359-360, 131 S.Ct. 1143 (2011) and *Williams v. Illinois*, 567 U.S. 50, 82-84, 132 S.Ct. 2221 (2012). A statement is less likely to be testimonial if it is given to allow police to meet an "ongoing emergency"—a circumstance that extends beyond the initial victim and is a potential threat to the responding law enforcement and the public at large." *State v. Jones*, 135 Ohio St.3d 10, 37-38, 2012-Ohio-5677, ¶ 148-149, citing *Bryant* at 359. The presence or absence of an ongoing emergency is but one factor in the analysis of whether a statement is testimonial. *Id.* at ¶ 153. Other factors include the level of formality of the encounter, as well as the specific statements and actions of both the declarant and the interrogator. *Id.* at ¶ 154-155, citing *Bryant* at 366-367. A witness is not considered unavailable unless the State has made reasonable good-faith efforts to ensure the witness's attendance at trial, and the proponent of the evidence bears the burden of demonstrating that such efforts have been made. *State v. Workman*, 171

Ohio App.3d 89, 95, 2007-Ohio-1360, ¶ 16. The issuance of a subpoena does not, standing alone, constitute a reasonable good-faith effort to procure a witness's attendance where other methods of doing so are also available. *Id.* at ¶ 21, citing *State v. Keairns*, 9 Ohio St.3d 228, 232 (1984).

{¶8} "Hearsay" is "a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Hearsay is generally inadmissible "except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio." Evid.R. 802. The excited utterance exception to the general prohibition against hearsay provides that a hearsay statement is admissible if it is a statement "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Evid.R. 803(2). The Supreme Court of Ohio articulated a four-part test to determine when the excited utterance exception operates, holding that the exception is applicable when (1) there was an occurrence startling enough to create nervous excitement in the declarant sufficient to dull his reflective faculties and make his statements an unreflective and sincere expression of his impressions and beliefs, (2) the statement or declaration, even when not strictly contemporaneous with the exciting event, was

made before there was time for the nervous excitement to lose its domination over the declarant's reflective faculties so that such domination continued and was sufficient to make the declarant's statements and expressions unreflective and thus sincere expressions of his actual impressions and beliefs, (3) the statement or declaration related to the exciting event or the circumstances thereof, and (4) the declarant had an opportunity to observe personally the matters asserted in his statement or declaration. *State v. Taylor*, 66 Ohio St.3d 295, 300-301 (1993), citing *Potter v. Baker*, 162 Ohio St. 488, 496 (1955). The Supreme Court of Ohio elaborated on the second of those four criteria when it explained that there is no per se length of time beyond which a statement cannot be considered an excited utterance; however, the statement must be made while the declarant is still under the stress of the event such that the statement is not the result of reflective thought. *State v. Wilson*, 4th Dist. Scioto No. 13CA3542, 2015-Ohio-2016, ¶ 89, citing *Jones* at ¶ 168, citing *Taylor* at 303. The passage of time between the event and the statement is relevant but not dispositive of whether the exception applies, and each case must be decided on its own circumstances. *Id.*, citing *id.*

{¶9} A present sense impression is a statement "describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." *State v. Tibbetts*, 92 Ohio St.3d 146, 159 (2001), citing Evid.R. 803(1). The spontaneity of the statement is essential to its trustworthiness

because the minimal lapse of time between a particular event and the statement in question gives the declarant less time to reflect on the event so recently perceived. *State v. Little*, 3d Dist. Allen No. 1-16-29, 2016-Ohio-8398, ¶ 14, citing *State v. Upshaw*, 3d Dist. Logan, 8-02-46, 2003-Ohio-5756, ¶ 7. Though temporal proximity is essential to a present sense impression analysis, there is no bright-line rule as to what period of elapsed time precludes a statement from being admissible as a present sense impression. *State v. May*, 3d Dist. Logan No. 8-11-19, 2012-Ohio-5128, ¶ 42.

{¶10} Decisions regarding whether to admit evidence rest within the sound discretion of the trial court, and those decisions will not be disturbed on appeal absent an abuse of discretion. *State v. Kelley*, 3d Dist. Putnam No. 12-2000-15, 2001WL 211408 (March 5, 2001), citing *Wyant v. Marble*, 135 Ohio App.3d 559, 563 (1st Dist.1999). An "abuse of discretion" connotes more than an error in judgment; it implies that a court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). However, "[t]his court reviews de novo the question of whether a defendant's constitutional rights under the Confrontation Clause have been violated." *State v. Dial*, 3d Dist. Allen No. 1-13-11, 2013-Ohio-3980, ¶ 11, quoting *State v. Diggle*, 3d Dist. Auglaize No. 2-11-19, 2012-Ohio-1583, ¶ 21.

{¶11} At the bench trial on this matter, the State called Frank Reitmeier ("Reitmeier"), an investigator employed by the State Fire Marshal's Office. (March 28, 2017 Tr. at 10). On direct examination, Reitmeier testified that he was called to Fostoria, Ohio on December 31, 2016 to investigate a fire. (*Id.* at 12). Reitmeier testified that, when he arrived at the scene of the fire, he saw a trailer that had been "extensively damaged" by fire such that, based on Reitmeier's training and experience, the trailer was a total loss. (*Id.* at 13-14). Reitmeier further testified that his records indicate that the fire was reported at 10:49 a.m. (*Id.* at 15). Reitmeier averred that he spoke with Williams on December 31, 2016 at 3:20 p.m. (*Id.* at 14-15). Reitmeier testified that, when he spoke with Williams, she was "distraught," "emotional," and "upset" about the fire and the circumstances surrounding it. (*Id.* at 16). Reitmeier testified that Williams informed him that Carter had appeared at her home at 7 a.m. and was intoxicated, argumentative, and upset. (*Id.* at 19). Reitmeier then testified that Williams told him that Carter attempted to have sexual intercourse with her, which she resisted, soon after which Carter passed out on Williams's bed. (*Id.*). Reitmeier next testified that Williams averred Carter remained asleep for some time and that, at approximately 9:30 a.m., Williams departed her residence and began to walk toward her mother's residence. (*Id.*). Reitmeier testified that Williams informed him that Carter was angry when he awoke to find Williams gone from the residence and that Carter called Williams

to inform Williams that, if she did not return, he would burn down her trailer. (*Id.* at 20, 21).

**{¶12}** In addition to the hearsay testimony described above, Reitmeier further testified that, based on Williams's memory, as well as his own observation of Williams's phone, Williams received ten calls from Carter between 10:12 a.m. and 10:37 a.m. (*Id.* at 20). Rietmeier asserted that, to his knowledge, no one other than Carter was in the vicinity of the trailer at the time of the numerous phone calls. (*Id.* at 24). He testified that the fire at Williams's residence was reported at 10:49 a.m. (*Id.* at 22).

**{¶13}** We conclude that the trial court abused its discretion in admitting the hearsay statements described above. The trial court did not make specific findings regarding which exception—excited utterance or present sense impression—it found permitted the admission of the hearsay at issue in this case. (*See* March 28, 2017 Tr. at 16-18). However, the present sense impression exception is inapplicable here. *See State v. Little*, 3d Dist. Allen No. 1-16-29, 2016-Ohio-8398, ¶ 14, citing *State v. Upshaw*, 3d Dist. Logan, 8-02-46, 2003-Ohio-5756, ¶ 7 (noting that the key to the admissibility of a statement as present sense impression is that the statement was made contemporaneously with an event or immediately thereafter). Put simply, there is nothing in the record that demonstrates the degree of temporal proximity between the statements Williams relayed to Reitmeier and the time that Williams

perceived those statements. The record reveals only that Carter made the statements at issue between 10:12 a.m. and 10:37 a.m. and that Williams spoke with Reitmeier for the first time at 3:20 pm. (March 28, 2017 Tr. at 14-15, 20). The trial court could not reasonably find that the present sense impression exception to be applicable in the absence of any knowledge regarding when Williams perceived the statements she related to Reitmeier. *Little* at ¶ 14, quoting *Upshaw* at ¶ 7.

{¶14} Under similar circumstances in *State v. Smith*, the Ninth District Court of Appeals held that the present sense impression exception was not applicable where the record was unclear as to the amount of time that elapsed between the event in question and the statements sought to be admitted. *State v. Smith*, 9th Dist. Lorain No. 99CA007399, 2000 WL 1675052, *7.

{¶15} The excited utterance exception is also inapplicable here. *State v. Taylor*, 66 Ohio St.3d 295, 303 (1993). The mere fact that a declarant is in a state of distress does not meet the standard for admissibility as an excited utterance because such a showing, by itself, does not demonstrate that the declarant's statements were close enough in time to the exciting event that they were not the product of reflective thought. *Id.* As there is no indication in the record regarding the period of time that elapsed between the exciting event and Williams's statements to Reitmeier, the requirements of the excited utterance exception are not met here. *Id.*

{¶16} Other appellate courts have reached the same conclusion under similar circumstances. In *State v. Stover*, the Ninth District Court of Appeals held that the excited utterance exception to the hearsay rule was not applicable where, despite the declarant's obvious distress, evidence in the record did not reveal the amount of time that elapsed between an exciting event and the statements that the State sought to admit. *State v. Stover*, 9th Dist. Wayne No. 13CA0035, 2014-Ohio-2572, ¶ 12-16. In *State v. Sims*, the Twelfth District Court of Appeals held that a declarant's statement was not excited utterance despite the fact that the declarant was upset while making the statement because, despite the declarant's distress, enough time passed after the exciting event that the statement became the product of reflective thought. *State v. Sims*, 12th Dist. Butler No. CA 2007-11-300, 2009-Ohio-550, ¶ 15, citing *State v. Butcher*, 170 Ohio App.3d 52, 2007-Ohio-118, ¶ 34 (11th Dist.). The Eleventh District Court of Appeals held likewise in *State v. Scarl* when it concluded that the trial court abused its discretion in admitting hearsay statements as excited utterance where, despite the fact that the declarant was upset at the time she made the statements at issue, other evidence showed that the time elapsed since the exciting event was sufficient to allow the declarant to recover her reflective faculties. *State v. Scarl*, 11th Dist. Portage No. 2002-P-0091, 2003-Ohio-3493, ¶ 63. The Tenth District Court of Appeals also emphasized that a declarant's distraught emotional state does not, without more, give rise to an excited utterance

when it found that a declarant's statement did not qualify where, despite being "upset" and "hyper," the declarant had regained her reflective faculties prior to making the statements at issue. *State v. Myers*, 10th Dist. Franklin No. 98AP-1448, 1999 WL 771009, *8 (Sept. 30, 1999).

{¶17} We emphasize that there may be facts in this case under which the excited utterance and present sense impression exceptions to the hearsay rule could apply. We hold simply the record before us does not reveal, for purposes of the present sense impression exception, how much time elapsed between when Williams perceived the statements at issue and when she relayed them to Reitmeier. Likewise, for purposes of the excited utterance exception, the record does not reveal how much time elapsed between Williams's discovery that her residence was on fire and the time at which she relayed the statements at issue to Reitmeier. In both cases, the missing details are essential to determine whether the exceptions are applicable, and the trial court could not reasonably find the exceptions applicable in the absence of those details.

{¶18} Based on the reasoning above, we conclude that the trial court abused its discretion in admitting Williams's statements specifically under the excited utterance and present sense impression exceptions to the rule against hearsay. In light of our decision to sustain Carter's first assignment of error as to hearsay,

Carter's argument as to the Confrontation Clause is rendered moot, and we decline to address it. App.R. 12(A)(1)(c).

{¶19} As to hearsay, Carter's first assignment of error is sustained.

## Assignment of Error No. II

**The Trial Court Erred By Convicting Mr. Carter Of Aggravated Menacing Against The Manifest Weight Of The Evidence[,] And The State Failed To Introduce Sufficient Evidence To Support The Conviction.**

## Assignment Of Error No. III

**The Trial Court Erred When It Forced The Defendant To Represent Himself With[out] A Proper On The Record[sic] Waiver Of Counsel.**

{¶20} In his second assignment of error, Carter argues that his conviction is against the manifest weight of the evidence and is based on insufficient evidence. In his third assignment of error, Carter argues that the trial court erred in forcing him to represent himself at trial in the absence of a proper, on-the-record waiver of his right to counsel.

{¶21} In light of our decision to sustain Carter's first assignment of error as it relates to hearsay, Carter's second and third assignments of error are rendered moot, and we decline to address them. App.R. 12(A)(1)(c).

{¶22} Having found error prejudicial to the appellant herein in the particulars assigned and argued in his first assignment of error, we reverse the judgment of the

trial court and remand for a new trial or other further proceedings consistent with this opinion.

> ***Judgment Reversed and***
> ***Cause Remanded***

**ZIMMERMAN, J., concurs.**

**SHAW, J, concurs in Judgment Only.**

**/jlr**